IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL DE LEON-RODRIGUEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-4405 |
| | § | |
| WARDEN GRANT DICKEY, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER

Petitioner Manuel De Leon-Rodriguez, a federal prisoner proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed a section 2241 habeas petition challenging his current custody at the Joe Corley Detention Facility.

According to petitioner, he was given papers in March 2020 from "the Parole board," discharging him and terminating any further detainers. Plaintiff states that this took place in Raymondville, Texas. He states he is unable to produce these papers for the Court's review, as they were lost during his transfer to the Joe Corley Detention Facility in November 2020. The Court construes the petition as requesting petitioner's immediate release from federal custody.

Petitioner's factual allegations in this petition are refuted by court records in his underlying criminal prosecution in *United States v. De Leon-Rodriguez*, C.A. No. 1:19-CR-00848-1 (S.D. Tex. Brownsville Div.). Petitioner was arrested in that case on September 11, 2019, as an alien unlawfully found in the United States after deportation. The criminal

complaint indicated that petitioner was convicted of aggravated robbery in August 2013 and was deported to Mexico on April 19, 2019, five months prior to his arrest for illegal re-entry in Brownsville. Petitioner was sentenced in the Brownsville case to two years' federal incarceration on November 10, 2020, and judgment of conviction was entered November 23, 2020. Consequently, petitioner could not have been discharged from parole or federal custody in March 2020 because he had not yet been sentenced at that time.

Moreover, petitioner could not have been given discharge papers by a federal parole board in March 2020. Federal parole was abolished by the Sentencing Reform Act of 1984 for persons convicted under federal law after November 1, 1987. Arguably, the parole discharge papers petitioner purportedly received were for his 2013 state criminal conviction; however, the issue need not be resolved here.

Petitioner pleads no factual or legal grounds warranting habeas relief, and the habeas petition is DENIED. Leave to proceed *in forma pauperis* is DENIED. A certificate of appealability is DENIED. This lawsuit is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas, on January 22, 2021.

Gray H. Miller
Senior United States District Judge